IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANGO WATTS,

    Petitioner,                    No. CIV S-07-0534 GEB DAD P

    vs.

KATHLEEN PROSPER, et al.,        FINDINGS AND RECOMMENDATIONS

    Respondents.

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Petitioner has previously filed a petition for writ of habeas corpus in this court (No. CIV S-06-600 GEB DAD P). In that previous case, the court dismissed the petition as second or successive.[1] Pursuant to Local Rule 81-190(d), this case was reassigned to the undersigned.

/////

/////

---

[1] Petitioner had also previously filed a writ of habeas corpus in the U.S. District Court for the Northern District of California. In that case, the court dismissed his petition as untimely.

1

1   This court will recommend that this action be dismissed because it is not ripe for
2 review, and therefore, it is not a justiciable "case or controversy" under Article III of the U.S.
3 Constitution.
4   In 1998, petitioner was convicted in the Solano County Superior Court and was
5 sentenced to an aggregate term of 15 years imprisonment with the possibility of parole. (Pet. at
6 1, 10). Petitioner alleges that, on December 30, 2010, he will have completed his sentence. (Pet.
7 at 4). He also alleges that the California Department of Corrections and Rehabilitation has
8 informed him that he will have to complete a parole term after being released. (Pet. at 10)
9 Petitioner's sole claim is that "imposing parole after a completed sentence violates the federal
10 constitution's double jeopardy prohibition." (Pet. at 5).
11   Petitioner's claim is not ripe for review. "A claim is not ripe for adjudication if it
12 rests upon contingent future events that may not occur as anticipated, or indeed may not occur at
13 all." See Hodgers-Durgin v. De La Vina, 199 F.3d 1037 (9th Cir. 1999) (quoting Texas v.
14 United States, 523 U.S. 296 (1998). The basic rationale for the ripeness doctrine is "to prevent
15 courts, through avoidance of premature adjudication, from entangling themselves in abstract
16 disagreements. . . ." Abbott Labs. v. Gardner, 387 U.S. 136 (1967), overruled on other grounds,
17 Califano v. Sanders, 430 U.S. 99 (1977).
18   In the present case, petitioner's alleged double jeopardy claim is based on a parole
19 term that may or may not be imposed as petitioner expects. According to his calculation,
20 petitioner will be paroled in the year 2010. However, petitioner's release on parole may take
21 place sooner. Even petitioner acknowledges this possibility:

> Petitioner wants to make it clear he is not and will never claim that he does not want parole. Who would not want "early release to complete the balance of their sentence"? . . . In fact, Petitioner and any other person sentenced to prison would want parole as soon as possible, as it is the lowest and most lenient form of custody available.

26 (Pet. at 8). Petitioner's release on parole may also take place after December 30, 2010, or not at

all. Whether petitioner will be paroled on December 30, 2010, and be able at that time to allege a double-jeopardy claim, is simply too speculative at the present time to qualify as a justiciable "case or controversy." Accordingly, petitioner's unripe petition should be dismissed.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's March 19, 2007 application to proceed in forma pauperis be denied; and

2. Petitioner's March 19, 2007 application for a writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 6, 2007.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
watt0534.156